IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EQUIMED, INC., BILLING SERVICES, INC., :
DOUGLAS R. COLKITT, M.D., JOANNE :
RUSSELL and JEROME DERDEL, M.D., :
                                     :
                                     :    4:10-cv-2510
           Plaintiffs,               :
                                     :
                                     :
     v.                              :    Hon. John E. Jones III
                                     :
AMERICAN DYNASTY SURPLUS LINES       :
INSURANCE COMPANY and GREAT          :
AMERICAN INSURANCE COMPANY,          :
                                     :
           Defendants.               :

## MEMORANDUM

February 1, 2011

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On December 9, 2010, Defendants American Dynasty Surplus Lines

Insurance Company ("American Dynasty") and Great American Insurance

Company ("Great American") filed a notice of removal with this Court. (Rec.

Doc. No. 1). The Plaintiffs initiated the instant action by filing a writ of summons

with the Court of Common Pleas of Centre County on or about January 14, 2003.

(Id. at 1). Plaintiffs are EquiMed, Inc.; Billing Services, Inc. ("BSI"); Douglas

Colkitt, M.D.; Joanne Russell; and Jerome Derdel, M.D. (Id. at 2). In their

complaint, filed in state court on November 9, 2010, Plaintiffs state claims of

breach of conflict and bad faith. (Rec. Doc. No. 10, Exhbt. F at 14-15). At issue

in the case is American Dynasty's allegedly improper denial of insurance

coverage, based upon an Excess Directors and Officers Liability and Company

Reimbursement Policy, for claims filed against EquiMed and its directors. (Id. at

8-9).

## I. PROCEDURAL HISTORY

On December 20, 2010, Plaintiffs filed a motion to remand the instant

matter to the Court of Common Pleas of Centre County. (Rec. Doc. No. 10). The

next day, on December 21, 2010, Plaintiffs filed their brief in support of the

motion to remand. (Rec. Doc. No. 11). Plaintiffs provide three bases for

remanding this case to the state court: (1) the case has been improperly removed,

in violation of 28 U.S.C. § 1446(b), because notice of removal was filed more than

one year after the action was commenced; (2) the parties to the action are not

diverse; and (3) the defendants filed the notice of removal late, in light of §

1446(b)'s requirement that a notice of removal be filed within thirty days of

receipt of the initial pleading. (Id. at 6-10). The Plaintiffs also seek costs and

attorneys' fees, pursuant to 28 U.S.C. § 1447, incurred as a result of the filing of

the motion to remand. (Id. at 11).

Defendants filed their brief in opposition to the motion to remand on

January 12, 2011. (Rec. Doc. No. 19). In response, Defendants contend that (1) §

1446(b)'s one year limitation on filing a notice of removal is inapplicable in the

instant case; (2) diversity exists between the parties; and (3) Defendants properly

filed, pursuant to § 1446(b), the notice of removal within thirty days of their

receipt of the complaint. (Id. at 7-14). Plaintiffs filed a reply brief on January 18,

2011. (Rec. Doc. No. 20).

On January 6, 2011, Defendants filed a motion to dismiss the complaint.

(Rec. Doc. No. 18). The Defendants filed a brief in support of the motion to

dismiss on January 20, 2011. (Rec. Doc. No. 22). On January 24, 2011, the

Plaintiffs filed a motion in which they seek to extend the time in which they are

required to file a brief in opposition to the Defendants' motion to dismiss. (Rec.

Doc. No. 23). Plaintiffs ask that this Court allow them to file a brief in opposition

within fourteen days after this Court rules on the pending motion to remand,

should this Court deny the motion. (Id. at 2). Defendants filed a brief in

opposition to this motion for an extension of time on January 26, 2011. (Rec.

Doc. No. 25)

The pending motion to remand the instant matter to the Court of Common

Pleas of Centre County is now ripe for disposition. In light of the following, we

will grant the Plaintiffs' motion to remand (Rec. Doc. No. 10) to the extent that the

instant action will be remanded to the state court. The motion will be denied to the extent that no award for attorneys' fees or costs is warranted. As we will remand the instant case to the state court, we will deny as moot the pending motion to dismiss (Rec. Doc. No. 18) and the pending motion for an extension of time to file a brief in opposition to the motion to dismiss (Rec. Doc. No. 23).

## II. STANDARD OF REVIEW

A defendant may remove a civil action filed in state court if the federal district court has original jurisdiction to hear the matter. 28 U.S.C. § 1441. Once a case has been removed from state court, however, the federal district court must remand the case if it appears that there is no subject matter jurisdiction. 28 U.S.C. § 1447(c). In determining whether removal is proper, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (citations omitted). "The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." Id.

## III. DISCUSSION

### A. Whether Defendants have met § 1446(b)'s Requirement that a Notice of Removal be Filed within Thirty Days of Receipt of an Initial Pleading.

Plaintiffs served the complaint by mail on November 5, 2010, and Defendants received the complaint on November 9, 2010. (Rec. Doc. No. 1 at 1-2). Defendants filed a notice of removal with this Court on December 9, 2010, pursuant to 28 U.S.C. § 1441. (Rec. Doc. No. 1). According to § 1446(b), which outlines the procedure for removal:

> The notice of removal of a civil action or proceeding shall be filed within thirty days *after the receipt* by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (emphasis added). In arguing that the Defendants untimely filed the notice of removal, Plaintiffs attempt to rely on Pa. R. Civ. P. 440(b), which provides that service by mail "is complete upon mailing" (Rec. Doc. No. 11 at 10), and Fed. R. Civ. P. 6, which adds three days when a document is served by mail (Rec. Doc. No. 20 at 9). Plaintiffs contend that, even with the additional three days provided by Fed. R. Civ. P. 6, the notice of removal was untimely because the notice was filed on December 9, thirty-four days after the mailing of

the complaint. (Rec. Doc. No. 20 at 9-11).

The Plaintiffs accuse Defendants of offering "a tortured interpretation of the Rules that the clock begins when the document is received." (Id. at 10). However, the Defendants are entirely correct, as § 1446(b), which dictates the procedures to be followed in removal actions, provides that the issue is not one of service, but of receipt. See also Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 354 (1999) ("[I]if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs *from the defendant's receipt of the complaint*.") (emphasis added). Here, Defendants filed their notice of removal within thirty days of receipt of the Plaintiffs' complaint, which was filed after the filing of an initial writ of summons in state court. The Defendants, therefore, have timely filed their notice of removal within thirty days of the complaint.

**B. Whether Defendants have Improperly Removed this Case because Complete Diversity does not Exist, as Required by 28 U.S.C. § 1332**

Plaintiffs contend that remand is proper because the parties are not diverse, as Plaintiff Billing Services, Inc. ("BSI"), and the American Dynasty Defendants are Delaware corporations. (Rec. Doc. No. 11 at 8); see 28 U.S.C. § 1332. As such, complete diversity does not exist on the face of the complaint. Defendants,

though they agree that diversity does not exist on the complaint's face, respond

that BSI should be disregarded as a party because it is not a real party in interest.

(Rec. Doc. No. 19 at 12).

> According to the Court of Appeals for the Third Circuit:

> By statute, a defendant has the right to remove a civil action from state court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). For a removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant. See Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003).

In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006). The Third Circuit in Briscoe

went on to note that the doctrine of fraudulent joinder is an exception to the

complete diversity requirement for removal. As stated by the court in Briscoe, "In

a suit with named defendants who are not of diverse citizenship from the plaintiff,

the diverse defendant may still remove the action if it can establish that the

non-diverse defendants were 'fraudulently' named or joined solely to defeat

diversity jurisdiction." 448 F.3d at 216; see also Batoff v. State Farm Ins. Co.,

977 F.2d 848, 851 (3d Cir. 1992) ("When a non-diverse party has been joined as a

defendant, then in the absence of a substantial federal question the removing

defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined."). Such fraudulent joinder may be shown "if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" Briscoe, 448 F.3d at 216 (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)). A district court may, for jurisdictional purposes, disregard the citizenship of a defendant fraudulently joined, assume jurisdiction over the matter, dismiss any non-diverse defendants, and, as such, retain jurisdiction. Id. "If, however, the district court determines that it does not have subject-matter jurisdiction over the removed action because the joinder was not fraudulent, it must remand to state court." Id. (citing 28 U.S.C. § 1447(c)).

In evaluating an allegation of fraudulent joinder, "the district court must 'focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint.'" Batoff, 977 F.2d at 851-52 (citing Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc., 809 F.2d 1006 (3d Cir. 1987)).

The Defendants fail to reference any controlling precedent, in the context of a motion for remand, that supports their position. Indeed, as Plaintiffs note, the

8

Defendants do not even argue that BSI was fraudulently joined; instead, the Defendants contend only that BSI is simply not a real party in interest. In addition, a notable portion of the Defendants' response on the issue of lack of diversity concerns BSI's basis for recovering pursuant to the excess insurance policy. (Rec. Doc. No. 19 at 13). In the context of the instant motion to remand, such a consideration of the merits of BSI's claims against the Defendants pursuant to the insurance policy would be improper. See Briscoe, 448 F.3d at 219 (noting "that a district court must not step 'from the threshold jurisdictional issue into a decision on the merits'") (quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990)).

In light of the above, this Court is constrained to conclude that the Defendants have failed to show that there is "no reasonable basis in fact or colorable ground" that supports BSI's claims against them. Abels, 770 F.2d at 32. As the Defendants have failed to meet their burden in demonstrating fraudulent joinder,[1] we will grant, in part, the Plaintiffs' motion to remand (Rec. Doc. No. 10).

---

[1] As the Court concludes that remand is required based upon a lack of complete diversity, see 28 U.S.C. § 1332, the Court need not address the remaining issue raised by the Plaintiffs: whether the Defendants improperly removed the instant matter because notice of removal was filed more than one year after a writ of summons was filed initiating the action. (Rec. Doc. No. 11 at 6-8).

## C. Attorneys' Fees and Costs

Finally, Plaintiffs also request that this Court award them the fees and costs incurred in contesting the Defendants' removal of the instant action. The Third Circuit has explained that such an award is not warranted when removal was made "[u]nder . . . less than bright-line circumstances." Roxbury Condo. Ass'n v. Anthony S. Cupo Agency, 316 F.3d 224, 228 (3d Cir. 2003). We cannot conclude that the Defendants' attempted removal was against "bright-line" precedent. As such, we will deny the Plaintiffs' motion to the extent that it seeks attorneys' fees and costs.

## IV. CONCLUSION

In accordance with the above reasoning, the Court will grant the Plaintiffs' motion to remand the instant matter to the Court of Common Pleas of Centre County. (Rec. Doc. No. 10). In light of this Court's granting of the Plaintiffs' motion to remand, the Defendants' pending motion to dismiss (Rec. Doc. No. 18) and the Plaintiffs' pending motion for an extension of time to file a brief in opposition to the motion to dismiss (Rec. Doc. No. 23) will be denied as moot.

 s/ John E. Jones III
John E. Jones III
United States District Judge
